JOHNSON, Judge.
Mr. and Mrs. Richard E. Dingle brought this suit against Richards Center, Inc., the owner of the NBC Building, in the City of New Orleans, and its liability insurer, New Amsterdam Casualty Company, and the Otis Elevator Company and Employers’ Liability Assurance Corporation, Limited, its liability insurer. Mr. Dingle claims repayment of medical expenses expended by him, and Mrs. Dingle prays for damages for her alleged personal injuries which she claims she sustained in an elevator in that building on September 2, 1965. The judgment was in favor of all defendants and the plaintiffs have appealed. On a joint motion of counsel the appeal was dismissed as to Otis Elevator Company and Employers’ Liability Assurance Corporation, Limited.
Mrs. Dingle, age 47, on the morning of September 2, 1965, accompanied by a Mrs. DeBlanc and one of her attorneys in this suit, Mr. Seelig, was attempting to exit an elevator in the NBC Building at the fifth floor, all of whom intended to go to an office on that floor for the purpose of transacting legal business in which they were interested. The elevator was not the automatic type. The young lady attendant, who was a trained operator with more than two years experience, manually operated a handle to start and stop the elevator and to open and close the doors. This young lady was the first witness called by plaintiff on cross-examination. She testified that she had an independent recollection of the facts of the accident. She said she called out the fifth floor before reaching it and stopped the elevator, opened the door and someone got out. When nobody else followed immediately she turned to look in the back of the elevator to see if anybody else was coming out. She noticed a man and a lady standing in the back talking to each other and she then called out the second time “* * * fifth floor, please.” Neither one of them made a move to go out and she thought they were going on up. She then put out her arm to indicate that she was going to close the door and at the same time she looked into the outside mirror to see if anybody was coming to board the elevator. Seeing no one she closed the door and noticed this woman in the doorway when the closing door struck her.
The elevator operator was later called as a witness for the defendant and repeated substantially her version of the accident referred to above. At page 63 of the testimony, she said: “I called out, fifth floor, please, the second time. She [meaning the plaintiff] did not move. She was talking to the other man. So I figured she maybe was going up to the ninth.” At page 65 she said: “I put my arm out and looked into the mirror. When I saw no one coming from the outside and no one wanting to get out from the elevator, that was my signal that I was closing the door and I closed the door.”
*352 Immediately after the accident the elevator operator took the plaintiff and Mr. See-lig, plaintiff’s attorney who was with her, down to the first floor to report the accident to the supervisor. Both the operator and the supervisor testified that they saw no blood on plaintiff’s head.
Mrs. Dingle’s version of the accident was very brief and her testimony in its entirety on that point is as follows:
“* * * Mrs. DeBlanc got out first, and Mr. Seelig was trying to let me pass and he was in the back of me and I went to go out. When I went to walk out of the elevator, the door closed and caught me in the head, [indicating the right forehead] * * * ”
Mr. Seelig was with Mrs. DeBlanc, a real estate agent, and plaintiff. They were going to an office on the fifth floor to pass a deed. He said that he and the two ladies moved to the rear of the elevator when they entered it; that there were other passengers, perhaps seven to ten in number; that he was “more interested in the conversation we were carrying on relative to the purchase of the property at the time”; that Mrs. DeBlanc got out first, Mrs. Dingle followed her and he was behind Mrs. Dingle, who got as far as the door; that “the door closed and she was struck in the forehead by the door of the elevator.”
Neither the plaintiff nor Mr. Seelig, her attorney, made any criticism or denial of any part of the testimony of the elevator operator, except that Mr. Seelig said that the time which elapsed on the fifth floor was much shorter than the time estimated by the operator. This, we believe, is not particularly significant. Mrs. DeBlanc did not testify.
There is no evidence in this record which would show that there was any fault on the part of the operator of the elevator in discharging her passengers on the fifth floor and in the manner in which she closed the door. We believe that had Mrs. Dingle been paying the slightest bit of attention to what she was doing and where she was going, she could have avoided the collision with the door by not leaving a place of safety and walking blindly into the closing door. Therefore, her injuries, if she had any, which it is not necessary to discuss, were caused by her own negligence. The plea of contributory negligence was pleaded in the answer.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.